IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS-LEE JILES**,

       *Petitioner*,

*v.*               CAUSE NO. 3:22-CV-121-CWR-RPM

**BURL CAIN,** *in his official capacity as Commissioner of the Mississippi Department of Corrections*,

       *Respondent*.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is United States Magistrate Judge Robert P. Myers' Report and Recommendation ("R&R"), Docket No. 41, which recommends that (1) Respondent Burl Cain's Motion to Dismiss, Docket No. 29, be granted, (2) that *pro se* Petitioner Thomas-Lee Jiles' Motion to Dismiss, Docket No. 34, be denied, and (3) that this case be dismissed with prejudice. Docket No. 41 at 3-4. Mr. Jiles objected to the R&R, Docket No. 42, and filed several motions asking the Court to remove the Magistrate Judge, "overcome" the time bar, and grant him records from the Warren County Circuit Court. *See* Docket Nos. 43, 45, 46, 48, 49, 50. Because Mr. Jiles filed these motions within 14 days of receiving the R&R, the Court will treat them as additional objections and review his Petition *de novo*. *See* 28 U.S.C. § 636(b)(1).

Having now considered the submissions of the parties (including the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Docket No. 1) and applicable statutory and case law, the Court adopts the R&R as the opinion of the Court.

I.   **Factual and Procedural History**

On April 10, 2019, Petitioner Thomas-Lee Jiles pled guilty to one count of armed robbery in the Circuit Court of Warren County, Mississippi. Docket No. 29, Ex. A. Thirteen days later, Mr. Jiles was sentenced to 15 years imprisonment, with 10 to be served in the custody of the Mississippi Department of Corrections, and five to be served on post-supervision release. Docket No. 29, Ex. B.

Mr. Jiles filed the present Petition for Writ of Habeas Corpus on March 7, 2022, alleging several ineffective assistance of counsel and due process claims. Docket No. 1. According to his Petition, Mr. Jiles has previously filed four (4) applications for post-conviction relief: "MY FIRST PETITION SEE ATTACHMENT September 30, 2019[,] my SECOND PETITION WAS IN POST CONVICTION IN WARREN COUNTY CIRCUIT, November 2020, my THREE PETITION WAS MS SUPREME COURT, JANUARY 12, 2021, MY FORTH 4th […]." Docket No. 1 at 14. In those petitions, Mr. Jiles pressed the same ineffective assistance of counsel and due process claims that he urges today. *Id*. at 12-14. Each of those applications were denied or dismissed.

Respondent Burl Cain moved to dismiss the present Petition on July 6, 2022, arguing that the Petition was time-barred. Docket No. 29. Mr. Jiles responded in opposition, Docket Nos. 31, 32, and filed his own motion to dismiss on August 1, 2022. Docket No. 34. Mr. Jiles' response and motion simply reassert the allegations forming the basis of his Petition. *Id*. On October 26, 2022, Magistrate Judge Myers recommended that Mr. Jiles' federal habeas petition be dismissed as time-barred. Docket No. 41. The Magistrate Judge's R&R is currently before the Court, along with Mr. Jiles' objections. *See* Docket Nos. 42, 43, 45, 46, 48, 49, 50.

**II.     Law**

The Antiterrorism and Effective Death Penalty Act's ("AEDPA") sets forth a one-year statute of limitations period for any person "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For Mr. Jiles, this means he would have had to seek relief by April 23, 2020—one year after his guilty plea in state court. But Mr. Jiles did not file his § 2244(d) Petition until March 2, 2022. Unfortunately, that is too late.

Mr. Jiles also asks the Court to be "lenient" on the timing of his Petition, as he thought that his September 2019 § 1983 "was the right one to file" for purposes of challenging his incarceration. Docket No. 49 at 2. Mr. Jiles is effectively asking the Court to toll the limitations period. Under AEDPA, the limitations period is tolled "during the time [in] which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Mr. Jiles does not get the benefit of this statutory tolling provision because his § 1983 action was not a "properly filed" application.

Mr. Jiles is also not eligible for equitable tolling. To be entitled to equitable tolling, "a petitioner must 'sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631, 649-54 (2010)). Because this standard is conjunctive, a petitioner must meet both prongs to receive relief. That is not the case here. Because Mr. Jiles has thus far failed to argue any "extraordinary circumstances" preventing his filing, he is not entitled to equitable relief, and the Court need not consider the first prong. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (petitioner has burden of demonstrating exceptional circumstances warranting equitable tolling).

**III.   Conclusion**

After careful review, the Court is unable to find any error with the Magistrate Judge's findings and is satisfied that the Magistrate Judge has undertaken a thorough examination of the issues presented. Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Robert P. Myers' Report and Recommendation, Docket No. 41, is **ADOPTED** as the findings and conclusions of this Court.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss, Docket No. 29, is **GRANTED**; Petitioner' Motion to Dismiss, Docket No. 34, is **DENIED**; and the Petitioner's objections, Docket Nos. 42, 43, 45, 46, 48, 49, and 50, are **DENIED**.

A separate final judgment shall issue this day.

**SO ORDERED**, this the 28th day of November, 2022.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE